Societe Anonyme des Sucreries de Saint Jean, represented by its Director Rene Stordeur, Intervenor and Appellee, *v.* Rafael Dávila-Carrión, Jaime Cucurella-Rodeja and Luisa Dávila-Carrión, Defendants.—Dávila, Appellant.

No. 3508. Argued 'June 16, 1925.—Decided July 28, 1925.

1. Attachment—Return.—The certified return to a writ of attachment may be rebutted by evidence showing that on the date stated no attachment was levied.
2. Id.—Personal Property—Possession—Custodian.—When in levying an attachment on personal property the marshal does not take possession of it so that he may remove it or deposit it with another person and does not appoint a custodian his act does not amount to an attachment.
3. Appeal—Modification of Judgment—Costs.—A judgment will not be modified so as to impose the costs on the appellant when that part of the judgment has not been appealed from.

District Court of Humacao, Pablo Berga, J.    Judgment for the plaintiff in an action of debt.    *Affirmed.*
*González Fagundo & González, Jr.,* for the appellant.    *Henry G. Molina* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

In an action of debt brought by Ricardo Dávila Carrión against Jaime Cucurella and his wife, Luisa Dávila Carrión, an attachment to secure the effectiveness of the judgment was granted and the writ appears to have been executed on July 5, 1921, in the following manner: "I certify that I received this writ of attachment on July 5, 1921, at 2 p.

m., and executed it at 3 p. m. of the same day by attaching at the instance of plaintiff Ricardo Dávila the following property as belonging to the defendants Jaime Cucurella Rodeja and wife: Sixty-six bags of sugar deposited in the Central Santa Juana of Caguas (Mr. Prudencio Wittermans stating that the defendant owed to said Central $897.83 without interest and also $165 without interest); the ratoons on the said farm; 12 acres more or less of newly planted sugar cane, and an old crop of about 44 acres more or less cultivated, as the former, in a rural farm owned by Emilia Casanova and situated in the ward of Bairoa of the Municipality of Caguas, P. R.—Caguas, July 5, 1921.—Rafael Mas, Marshal. By Alejandro Lizardi, Second Deputy-Marshal of the District of Humacao, P. R.''

On October 10th of the same year the district marshal took possession in the Central Juana of 66 bags of sugar against the protest of the representative of the central and a few days later the Societé Anonyme des Sucreries de Saint Jean, which we shall call Central Santa Juana, presented a communication to the marshal informing him that the 66 bags of sugar that had been attached on October 10, 1921, belonged to the central and thus initiating its intervention against the parties in the other suit and alleging as ground for the complaint that the intervenor had purchased the said sugar on July 30th of the same year from Jaime Cucurella.

After trial a judgment was rendered in favor of the intervenor without special imposition of costs, and in the appeal taken by Ricardo Dávila Carrión he alleges that the lower court erred (1) in permitting the plaintiff to offer oral evidence to show how the attachment was levied; (2) in holding that the attachment was levied on October 10, 1921, and not on July 5th of that year; (3) in holding that the sugar attached was the property of the plaintiff and that on October 10, 1921, Cucurella and Dávila had no sugar in the central.

The three assignments of error show that the principal question between the parties is whether the attachment was levied on July 5th or on October 10th of 1921, because the central alleges that it bought the sugar from Cucurella on July 30th and therefore if no attachment was levied on July 5th the sugar was the property of the intervenor from the 30th of that month and the judgment appealed from should be affirmed.

[1, 2] The certified return of the writ of attachment of property of Jaime Cucurella made by a deputy marshal on July 5th is only *prima facie* evidence of the truth of what he therein stated, for which reason it may be rebutted by other evidence showing that no attachment was levied; therefore, the first assignment of error can not be sustained.

The statement of the deputy marshal who executed the writ of attachment that he attached 66 bags of sugar belonging to Jaime Cucurella and deposited in the Central Santa Juana does not show of itself that he deposited the said bags of sugar with the central, but rather that he attached sugar which was deposited there without taking possession of it, for which reason it can not be held that the attachment of that property was made on July 5th, inasmuch as the officer who levied on it did not retain the immediate possession of the property so attached nor deposit it with another person. *Oronoz* v. *Alvarez,* 23 P. R. R. 497. But any doubt that could arise from the wording of the return is removed by the testimony of the deputy marshal that he had not been in the warehouse where the sugar was stored and did not appoint a custodian because the plaintiff did not point out to him any person to be appointed, albeit he also said that he named as custodian Mr. Wittermans, the manager of the central, who denied that said deposit was made with him; and as the deputy marshal did not take possession of certain bags of sugar belonging to Cucurella in such a way that he could remove them or deposit them with another person and no custodian was appointed, we

reach the conclusion that what was done on July 5th by the deputy marshal does not amount to an attachment which put certain property under his control and that he did not deposit it in the central. Consequently the real attachment was not levied until October 10th when the marshal took effective possession of 66 bags of sugar in the central that did not belong to defendant Cucurella because they had been purchased by the central on July 30th in part payment of an agricultural account which Ricardo Dávila Carrión and Jaime Cucurella had with the central and appeared in the books of the central in the name of Jaime Cucurella as the manager of the business with the central.

[3] In regard to the prayer of the appellee that the judgment be modified so as to impose the costs on the defendant Dávila, it will suffice to say that that part of the judgment was not the object of the appeal.

The judgment appealed from should be affirmed.